UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Johnson,<br><br>                     Plaintiff,<br><br>          -against-<br><br>Home Box Office, Inc., HBO Entertainment, Inc., Team Downey, LLC, Warner Bros. Discovery, Inc., ABC Corps. 1-10, said names being fictitious, and John/Jane Does 1-10, said names being fictitious,<br><br>                     Defendants. | Civil Action No.<br><br>**COMPLAINT (Verified)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, David Johnson ("**Plaintiff**" and/or "**Dave Johnson**"), by and through his attorney, Andrew J. Mollica, Esq., as and for his complaint against defendants, Home Box Office, Inc., HBO Entertainment, Inc. (collectively, the "**HBO Entities**"), Team Downey, LLC, Warner Bros. Discovery, Inc., ABC Corps. 1-10, said names being fictitious, and John/Jane Does 1-10, said names being fictitious, (collectively "**Defendants**"), states and alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiff, Dave Johnson, brings this action seeking damages, as well as injunctive relief, to stop Defendants' knowing, intentional, and wrongful infringement, misappropriation, dilution, imitation, and use of Dave Johnson's trademarked catch phrase, "AND DOWN THE STRETCH THEY COME", in the popular television series, *Perry Mason*, Season 2, Episode Four (also known as Chapter 12) (herein after "**Episode Four**").

2.        On March 27, 2023, *Perry Mason*, Season Two, Episode Four aired on Home Box Office, Inc.'s private, for profit, pay for television network in New York and nationally, and was thereby offered for sale, rental, distributed, licensed and/or leased, advertised, promoted, and offered on demand (and later streamed), in connection with Defendant's goods or services and consumed by consumers in commerce.

3.        At approximately 33 minutes and nine seconds into Episode Four, the main character, Perry Mason, as played by Matthew Rhys, enters a racetrack at night (Santa Anita Park), accompanied by investigator, Peter Strickland, played by Shea Whigham. Perry Mason proceeds to ride one of the horses, racing on the racetrack. The Strickland character begins calling and describing Perry Mason's race, using the manner, persona, voice, and style of Dave Johnson, which are inextricably linked to the trademark.

4.        At approximately 35 minutes and ten seconds into Episode Four, the Strickland character continues calling Perry Mason's race in the style, voice, and persona of Dave Johnson and makes use of, copies, and imitates Dave Johnson's protected trademark protected phrase, "AND DOWN THE STRETCH THEY COME" albeit with the following miniscule changes: "***And down the backstretch leg come Gusher's Rush and Galant Fox.***",

, which in this context is a practically identical, but at minimum constitutes a copy, materially similar use, and/or colorable imitation of Dave Johnson's registered trademarked phrase: "***And down the stretch they come.***"

2

5.     Defendants' knowing use of Dave Johnson's mark in New York and nationally has infringed, diluted, misappropriated, and capitalized on Dave Johnson's celebrity persona, likeness, identity, his voice, and his trademarked signature phrase, its fame, celebrity and popularity (which are all essentially one) by using the mark, or a substantially and confusingly similar mark, imitation, and/or copy of Dave Johnson's mark, which also constitutes invasion of Dave Johnson's statutory right to privacy under New York Civil Rights Law §§ 50-51.

6.     Defendants, individually, collectively, and acting in concert, created, wrote, displayed, distributed, marketed, promoted, produced, advertised, licensed, leased, reproduced, offered for sale, subscription, on demand, for streaming, for rental, and sold Episode Four (and continue to do so), in which an actor is making horse racing calls in the context of a horse race, on a race track, in a clear attempt to imitate Dave Johnson, and thereby Defendants engaged in an overt imitation and use of the trademarked catch phrase "AND DOWN THE STRETCH THEY COME" for profit in commerce.

7.     Defendants did not seek, much less obtain, Dave Johnson's consent to use, imitate, display, distribute, market, produce, promote, advertise, reproduce, license, lease, offer for sale and/or rental, offer via subscription, stream, sell, or create a derivate work (or any other type of work) based upon Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and/or use Dave Johnson's strong and famous mark that is inextricably linked to his celebrity persona, likeness, identity, voice, artistry, and his inextricably linked professional body of work of over 60 years (1966-2023).

8.     Defendants used Dave Johnson's signature mark "AND DOWN THE STRETCH THEY COME" with minimal variation, which in the horseracing context is essentially identical to Dave Johnson's use of the mark, to create an association with Dave

Johnson's famous mark, his body of work, and the mark's celebrity creator and thereby profit from these associations in commerce.

9.        Defendants engaged in the aforementioned conduct for the purpose of trade and making a profit in commerce, in New York and nationally, including but not limited to receiving profit for the creation, writing, distribution, and production of Episode Four, the airing and continued offering for sale and consumption of Episode Four on HBO's pay for television subscription service and on its streaming service known as Max ("**Max**"), and other forms of for profit consumption in commerce.

10.       HBO's pay for television subscription service is available to paying consumers on several cable television providers in New York, and nationally, including but not limited to, Verizon FiOS. Max is available and accessible on the World Wide Web and via most smart devices (i.e., smart phones and smart televisions), in New York, and nationally.

11.       Defendants' acts have created confusion, and will continue to create and/or create a likelihood of confusion of the national public and the New York public as to the origin of the "AND DOWN THE STRETCH THEY COME" mark, its superior products, goods and services (including announcing, broadcasting and merchandise), and forms of entertainment using this mark; and willfully infringed and diluted (blurred and tarnished), and will continue to infringe and dilute (blur and tarnish), Dave Johnson's trademark rights in and to the "AND DOWN THE STRETCH THE COME" mark.

**THE PARTIES**

12.       Plaintiff, Dave Johnson, is a natural person residing at 345 East 52nd Street, Apartment PH, New York, New York 10022.

13.       Upon information and belief, defendant Home Box Office, Inc. ("**HBO**") is a

Delaware corporation, organized and existing under the laws of the State of Delaware, with

headquarters and a principal business location located at 30 Hudson Yards, 500 West 33rd Street,

New York, New York 10001.

14.     Upon information and belief, HBO operates a for profit, subscription, television

network service, known as Home Box Office, in commerce, that offers to paying consumers:

movies, television series, and original programing (including *Perry Mason, including Season

Two, Episode Four*), both nationally and in New York, as well as offering these programs

through its streaming service, Max, that is operated, managed and controlled by Warner Bros.

Discovery, Inc. together with HBO.[1]

15.     Upon information and belief, defendant, HBO Entertainment, Inc. ("**HBO

Entertainment**"), is a Delaware corporation, organized and existing under the laws of the State

of Delaware, with headquarters and a principal business location located at 30 Hudson Yards,

500 West 33rd Street, New York, New York 10001.

16.     Upon information and belief, defendant, HBO Entertainment, is an

entertainment production and distribution company that creates, develops, produces, licenses,

leases, promotes, and/or distributes movies and television series, for among other companies,

HBO, including but not limited to *Perry Mason*, including Season Two, and Episode Four.

17.     Upon information and belief, defendant Warner Bros. Discovery, Inc.

("**Warner Bros.**") is a Delaware corporation, organized and existing under the laws of the State

of Delaware, with headquarters and a principal business location located at 30 Hudson Yards,

500 West 33rd Street, New York, New York 10001.

---

[1] https://www.cnn.com/2023/04/12/media/warner-bros-discovery-max-streaming/index.html. ("Warner Bros. Discovery unveils super streamer 'Max'," By Oliver Darcy, CNN Business, Updated 9:54 AM EDT, Thu April 13, 2023) (last viewed November 3, 2023).

18.     Upon information and belief, Warner Bros. is a media and entertainment corporation that creates, offers, and manages film, television, cable networks, and publishing operations, including HBO's pay for television network and its content, including *Perry Mason*, Season Two, Episode Four, nationally and in New York, and manages, controls and approves the content of streaming service, Max, including *Perry Mason*, Season Two, Episode Four, nationally and in New York.

19.     Upon information and belief, Warner Bros. is the parent company of the HBO Entities and controls the day-to-day operations and decision making of the HBO Entities, including but not limited to the decisions to: create, write, produce, develop, distribute, air, offer for sale, lease, rent, license, promote, offer on demand, stream (including on Max); to work with all Defendants; to use David Johnson's trademark, and to offer and sell *Perry Mason*, Season Two, Episode Four, in commerce, in New York, and nationally.

20.     Upon information and belief, defendant, Team Downey, LLC ("**Team Downey**") is a California limited liability company, organized and existing under the laws of California with its principal place of business at 1311 Abbot Kinney Boulevard, Venice, CA 90291.

21.     Upon information and belief, defendant, Team Downey, is an entertainment production and distribution company that creates, develops, writes, produces, licenses, leases, promotes, and/or distributes television series, for among other companies, HBO, including but not limited to *Perry Mason*, including Season Two, Episode Four.[2]

22.     Plaintiff is unaware of the names and true capacities of defendants John/Jane Does 1-10, whether individual, corporate, LLC or partnership entities, named herein as John/Jane

---

[2] https://decider.com/2023/04/25/perry-mason-team-downey-interview/ (discussing Team Downey as executive producers) By Meghan O'Keefe, Published April 25, 2023, 8:00 a.m. E.T.(last viewed November 3, 2023).

Does 1-10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave

to amend this complaint when their true names and capacities are ascertained. Plaintiff is

informed and believes, and based thereon alleges, that said defendants John/Jane Does 1-10

inclusive, are in some manner responsible for the wrongs alleged herein, and at all times

referenced each was the agent of the other defendants and was acting within the course and scope

of said agency and employment.

23.     Defendants John/Jane Does 1-10 who are sued herein under fictitious names

because their true names and capacities are unknown at this time. Upon information and belief,

defendants John/Jane Does 1-10, inclusive, knew or should have known of the acts and behavior

alleged herein and the damages caused thereby, and by their action or inaction, performed,

caused, ratified and encouraged such acts and behavior. Defendants John/Jane Does 1-10,

inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described

herein, which duty defendants John/Jane Does 1-10, inclusive, failed and/or refused to perform.

24.     Plaintiff is unaware of the names and true capacities of defendants ABC Corps.

1-10, whether individual, corporate, LLCs or partnership entities, named herein ABC Corps. 1-

10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend

this complaint when their true names and capacities are ascertained. Plaintiff is informed and

believes, and based thereon alleges, that said defendants ABC Corps. 1-10 inclusive, are in some

manner responsible for the wrongs alleged herein, and at all times referenced each was the agent

of the other defendants and was acting within the course and scope of said agency and

employment.

25.     Defendants ABC Corps. 1-10 who are sued herein under fictitious names

because their true names and capacities are unknown at this time. Upon information and belief,

defendants ABC Corps. 1-10, inclusive, knew or should have known of the acts and behavior alleged herein and the damages caused thereby, and by their action and/or inaction performed, caused, ratified and encouraged such acts and behavior. Defendants ABC Corps. 1-10, inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty defendants ABC Corps.  1-10, inclusive, failed and/or refused to perform.

## **JURISDICTION AND VENUE**

26.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 since this action arises under the laws of the United States, *i.e.,* the Lanham Act § 43(a), 15 U.S.C. §§ 1114 and 1125; under 28 U.S.C. § 1338 since this action arises under the Trademark and Unfair Competition Laws of the United States, Lanham Act § 43(a), 15 U.S.C. §§ 1114, 1125; and under 28 U.S.C. §1367(a) since this action alleges state law violations that are part of the same case or controversy as those arising under the laws of the United States, and therefore this Court has supplemental jurisdiction over the New York state law trademark and unfair competition claims, New York Civil Rights Law §§ 50-51 and New York common law claims.

27.     This Court has personal jurisdiction over all Defendants, as upon information and belief, Defendants regularly do and solicit business within the State of New York; have engaged in conduct within and outside this state causing injury within this judicial district and state, including without limitation, creating, contracting, displaying, distributing, marketing, promoting, licensing, advertising, reproducing, leasing, streaming, offering for sale or rental, and/or selling of *Perry Mason*, Season Two, Episode Four in this judicial district (or participated in or assisted or aided, abided, and/or abetted the aforementioned conduct), causing injury within this district and within the State; and Defendants have derived substantial revenues from services and products advertised, distributed, reproduced, promoted, licensed, marketed, streamed,

offered for sale or rental, and/or sold within this district and State; and have and should have reasonably expected their acts, including, but not limited to, the creating, production, displaying, distributing, writing, reproducing, selling, marketing, promoting, licensing, advertising, streaming, offering for sale or rental, and selling of Episode Four in violation of Plaintiff's rights to have consequences within this district and within the State, including, but not limited to, the harm suffered by Dave Johnson complained of herein. Defendants have purposefully availed themselves of the privilege of conducting activities within New York and there is a nexus between Plaintiff's claims and Defendants' activities and the injuries sustained in New York.

28.     Venue is properly laid in this district under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to the claim including, but not limited to, Defendants contracting, creating, displaying, and distributing, selling, marketing, promotion, advertising, licensing, leasing, offering on demand, streaming, and offering for sale or rental of Episode Eight in violation of Plaintiff's rights occurred in this District and in that Defendants are subject to personal jurisdiction in the State and are therefore deemed to reside in the State.

## BACKGROUND

29.     Dave Johnson is a world-famous sportscaster and longtime ABC, CBS, ESPN, and NBC voice of, among other famous events, countless internationally televised thoroughbred-horse races, including the Kentucky Derby.

### I.     DAVE JOHNSON CREATED THE "AND DOWN THE STRETCH THEY COME" MARK

30.     Since the mid-1960s, Dave Johnson, as part of his racing calls of thousands of televised and radio broadcasted thoroughbred-horse races for commercial use in interstate commerce, has exclaimed, and continues to exclaim, his trademarked signature phrase, "AND

DOWN THE STRETCH THEY COME" as the horses approach the last stage of the race.

31.     Dave Johnson created, coined, immortalized, and, accordingly, trademarked (registered on the Principal Register of the United States Patent and Trademark Office) one of the most renowned, recognizable, and famous phrases in sports and entertainment history: "AND DOWN THE STRETCH THEY COME."

32.     Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME" is inextricably linked to Dave Johnson and is, and has been for over 50 years, inextricably linked to his celebrity persona, likeness, identity, his body of work, his goods, his services, and his voice.

33.     For decades, Dave Johnson has exploited his celebrity persona, likeness, identity, voice, and trademarked signature phrase, "AND DOWN THE STRETCH THEY COME", which are all inextricably linked to each other, by announcing sporting events and performing in shows, television, movies, and other forms of entertainment in which he uses his signature phrase.

34.     Dave Johnson also exploits, as he has done for decades, his inextricably linked celebrity persona, likeness, identity, voice, and trademarked signature phrase by, among other things, selling merchandise bearing his trademarked signature phrase and using the phrase on his radio show.

35.     Television networks, radio stations, racetracks, and countless other entities and individuals, compensate Dave Johnson for using his celebrity persona, likeness, identity, and voice to announce thoroughbred-horse races for audiences throughout the United States and other nations and *distinctively and famously* exclaim his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME".

36.     In addition, millions of fans throughout the United States and other nations attend thoroughbred-horse races and view thoroughbred-horse races on television or listen to the races on radio to hear Dave Johnson announce the races and exclaim his *distinctive and famous* signature phrase, "AND DOWN THE STRETCH THEY COME". Many of these fans watch the races only after hearing Dave Johnson exclaim, "AND DOWN THE STRETCH THEY COME" which puts the fans in a frenzy and prompts them to pay attention because the race is coming to its dramatic conclusion.

37.     Dave Johnson, longtime ABC, CBS, ESPN, and NBC sportscaster and voice of, among other famous events since the 1960s, the Kentucky Derby, created, coined, and immortalized the phrase "AND DOWN THE STRETCH THEY COME."

38.     For more than fifty (50) years, Dave Johnson, as part of his call of thousands of televised and radio broadcasted harness and thoroughbred-horse races for commercial use in interstate commerce, has repeatedly used, and continues to use, his signature phrase, "AND DOWN THE STRETCH THEY COME", as the horses approach the last stage of the race.

39.     Dave Johnson first used the phrase "AND DOWN THE STRETCH THEY COME" in the 1960s, when he announced harness and thoroughbred-horse races in Illinois. He soon after used the phrase when announcing races in other states.

40.     Over time, being a professional, perfectionist, and artist, Dave Johnson worked tirelessly on his inflection, tone, and volume, and ultimately perfected his distinctive and famous signature phrase, "AND DOWN THE STRETCH THEY COME", and the persona that is inextricably tied to this trademarked catch phrase.

41.     Dave Johnson's artistic and distinctive exclamation of this, his signature phrase, captured, and continues to capture, the attention of millions of fans and puts the fans in a frenzy

11

as it signals the arrival of the dramatic final stages of the race.

42.     The unique, exclusive sound, and content of "AND DOWN THE STRETCH THEY COME" which has always distinguished Dave Johnson's mark and his announcing of races, is obtained by combining style, creativity and innovation with the quality and artistry unique to legendary broadcaster that is Dave Johnson.

43.     Consequently, Dave Johnson is a celebrity and recognized as one of the greatest announcers in the history of thoroughbred racing, receiving numerous awards and accolades including as recently as 2016 the "Jim McKay" award for excellence by the National Thoroughbred Writers and Broadcasters (NTWBA) Association. This award was named after the legendary Television announcer Jim McKay.

44.     Both individually and as part of broadcast teams, Dave Johnson has received numerous "Eclipse Awards" (Thoroughbred Racing's greatest honor) for his work, exemplifying excellence in the broadcast of the sport over his long professional career in network and international television broadcasts, cable television, motion pictures, terrestrial radio, satellite radio, major network commercials and multi-media productions both in and out of horse racing.

45.     Over time, being a professional, perfectionist, and artist, Dave Johnson worked on his inflection, tone, and volume and ultimately perfected his distinctive and famous signature phrase, "AND DOWN THE STRETCH THEY COME."

**II.     DAVE JOHNSON REGISTERED "AND DOWN THE STRETCH THEY COME" UNDER THE PRINCIPAL REGISTER OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

46.     In 2012, Dave Johnson registered his signature phrase, "AND DOWN THE STRETCH THEY COME", under the Principal Register of the United States Patent and Trademark Office (Registration No. 4252815; U.S. Serial Number: 85481136). A true and

correct copy of the trademark registered with the United States Patent and Trademark Office is annexed hereto as **Exhibit A.**

47.     Dave Johnson is one of many famous sports broadcasters to trademark a signature phrase. Examples include College hoops announcer Dick Vitale has a trademark for his "awesome baby" exclamation. Boxing announcer Michael Buffer has a trademark for his famous "Let's get ready to rumble!" line and Late Chicago Cubs radio man Harry Caray had four trademarks for his signature "Holy Cow!" exclamation.

### III.     DAVE JOHNSON'S MARK, "AND DOWN THE STRETCH THEY COME," IS FAMOUS AND STRONG

48.     For decades, Dave Johnson exploited, and continues to exploit his inextricably linked signature phrase (mark), celebrity persona, likeness, identity, and voice. Television networks, radio stations, racetracks, and countless other entities and individuals, have compensated, and continue to compensate, Dave Johnson to announce thoroughbred-horse races for millions of viewers and consumers throughout the United States and other nations and exclaim his *distinctive and famous* signature phrase, "AND DOWN THE STRETCH THEY COME."

49.     In 2014, the New York Times published an article in which the Times said "[t]here are the calls of Dave Johnson ("**Down the stretch they come!**") embedded in the aural history of our time." (Bolding added). A copy of this article is annexed hereto as **Exhibit B.**

50.     In a recent article posted on June 6, 2023, on Bloodhorse's website, entitled "*Famed track announcer handled the 1973 Belmont Stakes for NYRA,*" Dave Johnson is referred to as "*one of the sport's most famous announcers*, best known for an award-winning career of more than 35 years in which he coined his trademark phrase '*And down the stretch they come*!'" (Bolding added). The article also shows a picture of Dave Johnson speaking with sports announcer

13

Tom Durkin at the 2022 Global Symposium on Racing. A copy of this article is annexed hereto as **Exhibit C.** (bolding added). This article shows that Dave Johnson's mark identifies good and services coming from him (i.e., Dave Johnson as the source).

51.     Dave Johnson has used the phrase "AND DOWN THE STRETCH THEY COME" in races that he has announced on, among other national media outlets, ABC, CBS, ESPN, NBC, the Premiere and Clear Channel Radio Networks as well as Westwood One.

52.     Millions of dollars have been spent to advertise, produce, and televise Dave Johnson's broadcasts of races and use of his signature phrase, and are almost universally recognized by the general public and have generated hundreds of millions in revenue (and continues to generate revenue).

53.     For over forty years, Dave Johnson has regularly announced, both worldwide on national television and radio, and on site, all three legs of the world famous "Triple Crown" of thoroughbred-horse racing—The Kentucky Derby, The Preakness, and The Belmont Stakes.

54.     As the horses approached the final part of each Triple Crown Race that he announced, Dave Johnson punctuated his call for millions of viewers and consumers by distinctively exclaiming his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME."

55.     In addition to announcing the Triple Crown Races, Dave Johnson has announced prestigious stakes races all over the world in his career, which has spanned five decades and continues today. Dave Johnson distinctively punctuated his call of each of these races by exclaiming "AND DOWN THE STRETCH THEY COME."

56.     In the context of thoroughbred-horse racing, when broadcasting races such as, among others, The Kentucky Derby, The Preakness, The Belmont Stakes, Dave Johnson has

14

distinctively used the phrase "AND DOWN THE STRETCH THEY COME" thousands of times on national television for millions of viewers.

57.     Dave Johnson's use of his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and its influence on horse racing is well recognized today as the phrase is synonymous with some of the most historic race calls of the 1980's and 1990's and is a signature call of certain Triple Crown races Dave Johnson announced, which are now immortalized and shown millions of times over on broadcast television and on sites on the worldwide web.

58.     Dave Johnson made the phrase "AND DOWN THE STRETCH THEY COME" one of the most renowned, recognizable, distinctive, and famous phrases in sports and entertainment.

59.     Dave Johnson used his signature trademarked call "AND DOWN THE STRETCH THEY COME" during his tenure as NYRA race caller from 1972 to 1977 and it has been referred to as *among the most recognizable calls in sports*." https://www.nyra.com/saratoga/about/saratoga-history ("They Called It: A Celebration of NYRA Race Callers") (last viewed November 3, 2023) (bolding added).

60.     Throughout the 2000s, Dave Johnson was a recurring guest on CBS's "The Late Show," with David Letterman for many years (filmed in New York). Dave Johnson's signature phrase, "AND DOWN THE STRETCH THEY COME" and his use of the phrase is so distinctive, famous, and universally recognized as his mark that he has made numerous voice appearances on the Late Show with David Letterman for a sound bite of "AND DOWN THE STRETCH THEY COME."

61.     Dave Johnson has made appearances on many television network series

including, *Fantasy Island, Highway to Heaven, Tales from the Darkside, Ed*, and *Different Strokes*, all of which had Dave Johnson calling horse races, as well as motion pictures where Dave Johnson called horse races, including *The Longshot*, and *Phar Lap.*

62.     Dave Johnson has also appeared in numerous commercials, both on camera and voice-over, including *Mobil Oil, Ford, Minute Rice, Kraft, Bold, Jif, Rice-A-Roni, Desenex, Bayer Aspirin,* and more than 50 commercial sponsors and other businesses in New York, in addition to appearances on/in *Grand Theft Auto.*

63.     Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and his use of this phrase is distinctive.

64.     Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and his use of this phrase is famous.

65.     Accordingly, Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," is strong within the meaning of the Latham Act.

66.     Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," is distinctive to both the consuming and viewing public and so is Dave Johnson's trade, career, and reputation. Accordingly, Dave Johnson also has a common law trademark right to "AND DOWN THE STRETCH THEY COME."

67.     The phrase "AND DOWN THE STRETCH THEY COME" is inextricably linked to Dave Johnson and has continues to be a part of his celebrity persona, likeness, identity, his goods and services, merchandise, his body of work and his voice.

**IV.   DAVE JOHNSON HAS EXCLUSIVE OWNERSHIP RIGHTS IN THE "AND DOWN THE STRETCH THEY COME" MARK**

68.     Dave Johnson has exclusive ownership rights in the "AND DOWN THE STRETCH THEY COME" mark.

16

69.     Dave Johnson has not relinquished any ownership rights in his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME".

70.     Dave Johnson continues to use, protect, enforce, and register his trademark.

71.     On April 5, 2022, Dave Johnson received from the U.S. Patent and Trademark Office an official notice of Acceptance and Renewal under Section 8 and 9 of the Trademark Act. A copy of this notice is attached hereto as **Exhibit D.**

72.     In addition to announcing thoroughbred-horse races, since at least as early as the 1960s, Dave Johnson has prominently displayed and used the "AND DOWN THE STRETCH THEY COME" mark and his celebrity persona in commerce in connection with the advertising, sale, marketing, broadcasting, announcing, and exploitation of thoroughbred-horse racing in all the 50 states of the United States and throughout the world, and he continues to do so:




73.     Broadcasts using Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," are distributed through interstate commerce, in New York and are available for consumers to purchase and rent in traditional outlets as well as online.

74.     In addition to his use in announcing races, Dave Johnson exploits his celebrity persona, likeness, identity, voice, and trademarked signature phrase (which are inextricably

linked) to, among other things, sell merchandise with the phrase, use the phrase to raise money for disabled jockeys and other *charities*, and use the phrase for his horse racing show on Sirius XM Radio. The show continued through the Covid-19 Pandemic.

75.     Through all the uses and actions alleged in the preceding paragraphs, Dave Johnson has successfully continued to exclusively exploit, in a myriad of ways, his celebrity persona, likeness, identity, voice, and trademark rights in his signature phrase, "AND DOWN THE STRETCH THEY COME" (which are all inextricably linked), so that the phrase has maintained its high-quality reputation as a distinctive iconic phrase.

76.     Further, the "AND DOWN THE STRETCH THEY COME" phrase continues to be sufficiently well known so that consumers associate it with merchandise, and sports and entertainment products, events, broadcasts, and productions by Dave Johnson.

77.     Through Dave Johnson's extensive publicity and exposure to millions of television viewers, radio listeners, and fans, and exploitation and use of the phrase "AND DOWN THE STRETCH THEY COME," has acquired distinctiveness as the voice of horse racing.

78.     As a result of Dave Johnson's widespread, continuous, and exclusive use of his trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," to identify himself as the source of his sports broadcasting, announcing services and related merchandise, which includes using the mark to broadcast and announce thoroughbred-horse races, using the mark when appearing on television shows, including "The Late Show," with David Letterman; using the mark when appearing, hosting, and producing radio shows; and using the mark to sell certain merchandise and apparel, and to benefit charity; Dave Johnson owns valid and subsisting federal statutory and common law rights to the "AND DOWN THE STRETCH THEY COME"

mark.

79.     Dave Johnson has expended substantial time, money, and resources developing, marketing, promoting his celebrity persona, likeness, identity, voice. and inextricably linked signature phrase, "AND DOWN THE STRETCH THEY COME," and the interstate goods and services by which he uses this mark.

80.     Members of the sports and entertainment industry recognize and respect Dave Johnson's trademark and his ownership of this phrase and consequently do not use the phrase. For example, on June 5, 2015, the New York Times reported as follows: "Whether he is calling an ordinary horse race or a Triple Crown event, Larry Collmus is never tempted to say, near the end, "And down the stretch they come!" Collmus, who will announce Saturday's Belmont Stakes on NBC, said: 'When I hear it from another announcer, I say: 'That's awful. *You can't say that. It's Dave Johnson's line.*'" A copy of this article is annexed hereto as **Exhibit E** (emphasis added).

81.     The recognition, renown, and fame of Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," has resulted in the phrase having come to be associated in the minds of substantial number of people with a certain type of production or sporting or entertainment event announced by Dave Johnson, or merchandise sold or produced by Dave Johnson, and as such, the "AND DOWN THE STRETCH THEY COME" mark has acquired distinctiveness. Moreover, Dave Johnson's trademark is a commercial success. In all respects, it is considered to be, and continues to remain the one of the most famous phrases in perhaps all of sports and entertainment.

82.     Accordingly, prior to the acts of Defendants alleged herein, Plaintiff Dave Johnson has been the rightful owner of all intellectual property rights in and to "AND DOWN

THE STRETCH THEY COME" in the United States and considers "AND DOWN THE STRETCH THEY COME" a fundamental phrase in his acclaimed career and the sports and entertainment industry.

83.     As a result of its fame, distinctiveness and widespread use and promotion throughout the United States, Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of Defendants alleged herein.

84.     Dave Johnson has not consented to and/or authorized any of Defendants to use the "AND DOWN THE STRETCH THEY COME" mark, nor his celebrity persona, likeness, and identity. Nor has he engaged in any licensing negotiations or transactions with Defendants.

**V.      DEFENDANTS WILLFULLY AND KNOWINGLY INFRINGED AND DILUTED DAVE JOHNSON'S RIGHTS IN THE "AND DOWN THE STRETCH THEY COME" MARK AND MISAPPROPRIATED DAVE JOHNSON'S CELEBRITY PERSONA, LIKENESS, AND IDENTITY**

85.     On or around June 21, 2020, HBO aired the *Perry Mason* television series for the first time on its for profit, private, television subscription service, in commerce, in New York, and nationally.

86.     On or around March 27, 2023, HBO aired *Perry Mason*, Season Two, Episode Four, on its for profit, private, television subscription service (also known as Home Box Office), at approximately 9:00 p.m., Eastern Standard Time, in New York and nationally, and therefore willfully and knowingly aired, offered for sale, distributed, advertised, leased, licensed, promoted, rented, and sold Episode Four and knowingly used Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, a copy, and/or colorable imitation in commerce (and in New York) without Dave Johnson's consent.

87.     Upon information and belief, HBO created and approved the writing of *Perry Mason*, including Season Two, Episode Four.

88.     Upon information and belief, HBO produced *Perry Mason,* including Season Two, Episode Four.

89.     Upon information and belief, HBO distributed *Perry Mason*, including Season Two, Episode Four.

90.     Upon information and belief, HBO advertised and promoted *Perry Mason,* including Season Two, Episode Four, in commerce, in New York and nationally.

91.     Upon information and belief, HBO sold *Perry Mason*, including Season Two, Episode Four, in commerce, in New York and Nationally.

92.     Upon information and belief, HBO leased and/or licensed *Perry Mason,* including Season Two, Episode Four, in commerce, in New York and Nationally.

93.     Upon information and belief, HBO worked together with all Defendants to create, write, produce, distribute, lease, license, offer on demand, air, stream, and offer for sale, *Perry Mason,* Season Two, Episode Four.

94.     HBO derived profit from *Perry Mason*, including Season Two, Episode Four, based on its creation, writing, production, distribution, sale, rental, streaming, lease and/or licensing, and the airing of Perry Mason, including Season Two, Episode Four on March 27, 2023, on HBO's private pay for television network in commerce, in New York, nationally and through continued offerings to the present, including on the streaming service, Max, and other sales in New York and nationally.

95.     HBO knew *Perry Mason*, Season Two, Episode Four, would be airing on HBO's private, pay for television network on March 27, 2023, in commerce, in New York,

nationally and to the present, and would be and that it continues to be aired and sold in New York, nationally and streamed on Max, and that Episode Four contains and contained an actor exclaiming "**And down the backstretch leg come Gusher's Rush and Galant Fox.**", which is a knowing use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and/or a copy, and/or a materially similar and colorable imitation, in commerce.

96.     Upon information and belief, HBO agreed with all Defendants that *Perry Mason*, Season Two, Episode Four, would air on HBO's Home Box Office, for profit, private television network, in New York and nationally on March 27, 2023, to the present, and would be sold in New York, nationally, and would stream on Max to the present.

97.     Upon information and belief, HBO Entertainment created and approved the writing of *Perry Mason,* including Season Two, Episode Four, for HBO.

98.     Upon information and belief, HBO Entertainment produced *Perry Mason,* including Season Two, Episode Four, for HBO.

99.     Upon information and belief, HBO Entertainment distributed *Perry Mason,* including Season Two, Episode Four, to and for HBO.

100.    Upon information and belief, HBO Entertainment advertised and promoted *Perry Mason*, including Season Two, Episode Four, in commerce, in New York and nationally.

101.     Upon information and belief, HBO Entertainment sold *Perry Mason*, including Season Two, Episode Four, to and for HBO, in commerce, in New York and Nationally.

102.    Upon information and belief, HBO Entertainment leased and/or licensed *Perry Mason*, including Season Two, Episode Four, to and for HBO, in commerce, in New York and Nationally.

103.    Upon information and belief, HBO Entertainment worked together with all

Defendants to create, write, produce, distribute, lease, license, air, offer on demand, stream, and offer for sale, *Perry Mason,* Season Two, Episode Four.

104.    HBO Entertainment derived profit from *Perry Mason,* including Season Two, Episode Four, based on its creation, production, distribution, sale, streaming, lease and/or licensing, and the airing of *Perry Mason*, including Season Two, Episode Four on March 27, 2023, on HBO's private pay for television network in commerce, in New York, nationally and through continued offerings to the present, including on the streaming service, Max, and other sales in New York and nationally.

105.    HBO Entertainment knew or should have known *Perry Mason*, including Season Two, Episode Four, would be airing on HBO's private, pay for television network on March 27, 2023, in commerce, in New York, nationally and to the present, and would be and continues to be aired and sold in New York, nationally and streamed on Max, and that Episode Four contains an actor exclaiming "**And down the backstretch leg come Gusher's Rush and Galant Fox.**", which is a knowing use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and/or a copy and/or materially similar and colorable imitation, in commerce.

106.    Upon information and belief, HBO Entertainment agreed with HBO and all Defendants that *Perry Mason*, including Season Two, Episode Four, would air on HBO's Home Box Office, for profit, private television network, in New York and nationally on March 27, 2023, to the present, and would be sold in New York, nationally, and would stream on Max to the present.

107.    Upon information and belief, Team Downey created *Perry Mason,* including Season Two, Episode Four, for HBO.

108.     Upon information and belief, Team Downey wrote and/or approved the script for *Perry Mason,* including Season Two, Episode Four, for HBO.

109.     Upon information and belief, Team Downey produced *Perry Mason,* including Season Two, Episode Four, for HBO.

110.     Upon information and belief, Team Downey distributed *Perry Mason,* including Season Two, Episode Four, to and for HBO.

111.     Upon information and belief, Team Downey advertised and promoted *Perry Mason*, including Season Two, Episode Four, in commerce, in New York and nationally.

112.      Upon information and belief, Team Downey sold *Perry Mason*, including Season Two, Episode Four, to and for HBO, in commerce, in New York and Nationally.

113.     Upon information and belief, Team Downey leased and/or licensed *Perry Mason*, including Season Two, Episode Four, to and for HBO, in commerce, in New York and Nationally.

114.     Upon information and belief, Team Downey worked together with all Defendants to create, produce, distribute, lease, license, air, offer on demand, stream, and offer for sale, *Perry Mason*, Season Two, Episode Four.

115.     Upon information and belief, Team Downey recruited, hired, managed, oversaw, directed and were responsible for the creation, writing, production, development, and show running of *Perry Mason*, Season Two, Episode Four that was undertaken by Michael Begler and Jack Amiel (individually and collectively) who are listed on Episode Four's credits as AMBEG Screen Products.[3]

---

[3] https://decider.com/2023/04/25/perry-mason-team-downey-interview/ (last viewed, November 3, 2023) ("Team Downey — tapped two new showrunners. The Knick creators Jack Amiel and Michael Begler").

116.     Upon information and belief, HBO recruited, hired, managed, oversaw, directed and were responsible for the creation, writing, production, development, and show running of *Perry Mason*, Season Two, Episode Four that was undertaken by Michael Begler and Jack Amiel (individually and collectively) who are listed on Episode Four's credits as AMBEG Screen Products.[4]

117.     Team Downey derived profit from Perry Mason, including Season Two, Episode Four, based on its creation, production, distribution, sale, lease and/or licensing, and the airing of *Perry Mason*, including Season Two, Episode Four on March 27, 2023, on HBO's private pay for television network in commerce, in New York, nationally and through continued offerings to the present, including the streaming service, Max, and other sales in New York and nationally.

118.     Team Downey knew or should have known *Perry Mason*, including Season Two, Episode Four, would be airing on HBO's private, pay for television network on March 27, 2023, in commerce, in New York, nationally and to the present, and would be and continued to be sold in New York, nationally and streamed on Max, and that Episode Four contains an actor exclaiming "And down the backstretch leg come Gusher's Rush and Galant Fox.", which is a knowing use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and/or a copy, and/or a materially similar and colorable imitation, in commerce.

119.     Upon information and belief, Team Downey agreed with HBO and all Defendants that *Perry Mason*, including Season Two, Episode Four, would air on HBO's Home

---

[4] https://deadline.com/2021/04/jack-amiel-ron-fitzgerald-rolin-jones-exit-1234742656/#! (last viewed November 3, 2023 – "The Knick creators, executive producers and showrunners Jack Amiel and Michael Begler are returning to the HBO fold with a rich three-year overall deal. Under the pact, said to be in the eight-figure range, the duo have been tapped as writers, executive producers and showrunners for Season 2 of HBO's drama series Perry Mason starring Matthew Rhys.")

Box Office, for profit, private television network, in New York and nationally on March 27, 2023, to the present, and would be sold in New York, nationally, and would stream on Max to the present.

120.     Upon information and belief, Warner Bros. is the parent company of HBO and HBO entertainment and controls the day-to-day operations and decision making of the HBO Entities, including the decision to create,[5] produce, write, distribute, market, lease, license, stream, and sell *Perry Mason,* including Season Two, Episode Four, and to air Episode Four on HBO's Home Box Office on March 27, 2023, continued airing and sales/offerings to the present.

121.     Upon information and belief, Warner Brother owns, controls, oversees, and manages the day-to-day operations of Max and was individually, and collectively responsible for *Perry Mason,* Season Two, Episode Four, being offered (and it continues to be offered) on Max to consumers, for profit, in commerce, in New York, and nationally.

122.     Upon information and belief, Warner Bros., HBO, HBO Entertainment, and Team Downey worked individually and together to create, write, produce, promote, license, lease, distribute, stream, offer on demand, sell, and rent, *Perry Mason,* Season Two, Episode Four for profit and individually, collectively and in concert released Episode Four in commerce, in New York and nationally on HBO's for profit, private television network, and on the streaming service Max, and knowingly, intentionally and in bad faith used Dave Johnson's trademarked phrase "AND DOWN THE STRETCH THEY COME" in commerce, and/or a copy and/or colorable imitation of the mark.

123.     Defendants, individually, collectively and acting in concert, created, wrote, displayed, distributed, sold, marketed, reproduced, promoted, licensed, advertised, offered for

---

[5] Including working with all other Defendants.

sale and rental and on demand, and for streaming on Max, and sold Episode Four in which actor

Shea Whigham, without a license or permission, and in the context of horse racing, and in clear

attempt to imitate Dave Johnson, exclaims, "***And down the backstretch leg come Gusher's Rush***

***and Galant Fox.,***" which accordingly, imitates, uses, misappropriates, infringes and dilutes

(blurs and tarnishes) the "AND DOWN THE STRETCH THEY COME" trademark owned by

Dave Johnson. The scene begins at approximately 33 minutes and nine seconds into Episode

Four, and at approximately 35 minutes and ten seconds into Episode Four, Shea Whigham

exclaims "***And down the backstretch leg come Gusher's Rush and Galant Fox***."

124.    Upon information and belief, beginning on March 27, 2023, and continuing to

the present, Defendants displayed, distributed, sold, marketed, reproduced, promoted, licensed,

leased, advertised, offered on demand, streamed, offered for sale and rental, and sold Episode

Four (and continue to do so), in New York, and nationally, in which actor Shea Whigham,

without a license or permission, and in the context of a horse race, exclaims "***And down the***

***backstretch leg come Gusher's Rush and Galant Fox.***", and thereby clearly uses and imitates

Dave Johnson and his mark, and creates an association with the phrase's celebrity creator, Dave

Johnson. Consequently, Defendants misappropriated Dave Johnson's celebrity persona, likeness,

voice, and identity.

125.    Further evincing that all Defendants engaged in knowing, intentional, bad faith,

infringement and dilution of Dave Johnson's distinctive and famous mark, "AND DOWN THE

STRETCH THEY COME," Defendants intentionally filmed the scenes at a California racetrack

(Santa Anita Park - where Dave Johnson has broadcasted and/or participated in races for years,

including, but not limited to, races broadcasted on national television and international

television, and where millions have roared in excitement upon hearing "AND DOWN THE

27

STRETCH THEY COME,") and knowingly used, and intentionally, in bad faith, had actor Shea Whigham, without a license or permission, and in the context of a horse race, on a race trace track, exclaim "*And down the backstretch leg come Gusher's Rush and Galant Fox*.", and thereby all Defendants knowingly, intentionally and in bad faith used and imitated Dave Johnson and his mark, and created an association with the phrase's celebrity creator, Dave Johnson, his persona, identity and voice, and infringed, diluted, traded off, and used Dave Johnson's mark in commerce, and/or a copy, materially similar copy, and/or colorable imitation, and intended to and did create confusion between Dave Johnson's mark (and his good and services) and Defendants' mark (and good and services).

126.    Moreover, further connecting Episode Four to Dave Johnson's signature phrase's place in thoroughbred-horse racing and entertainment, *Perry Mason*, Season Two, Episode Four capitalizes on several racing themes, including that the horse was ridden by Mr. Mason as being owned by one of the season's main "villains". Moreover, Shea Whigham plays an unsavory investigator character (heavy drinker and smoker) who exclaims "*And down the backstretch leg come Gusher's Rush and Galant Fox.*"

127.    This unsavory character and villain ownership also reflects the dark side of horse racing and Defendants' misappropriation and use and/or use of a copy or colorable imitation of the "AND DOWN THE STRETCH THEY COME" mark, infringes, damages, blurs, tarnishes, and dilutes the mark and the rights and reputation of the mark's creator and owner, Dave Johnson—an esteemed and accomplished gentleman who is a universally respected legend in sports broadcasting, entertainment, and by charities in horseracing.

128.    The sight, sound, and meaning of the "AND DOWN THE STRETCH THEY COME" mark as used by Defendants is materially identical to the sight, sound, and meaning of

the mark as used by its owner, Dave Johnson. Moreover, Defendants' use of the mark and Dave Johnson's use of the mark appears in the same context (horse racing on a racetrack) in the same marketplace (horse racing, sports, and entertainment) of which Plaintiff is a participant and for the same purpose of giving dramatic effect to horse racing. Defendants used Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," in this manner to create an association with this famous mark and the mark's celebrity creator and thereby profit from these associations with Dave Johnson's mark and the superior products and services it represents and to create confusion as to the source and origin of the mark.

129.    In light of Defendants' use of and/or use of a copy and/or colorable imitation of the "AND DOWN THE STRETCH THEY COME" mark, the materially identical sight, sound, and meaning of Defendants' and Dave Johnson's respective uses of the mark; and Defendants' and Dave Johnson's respective and close proximity of the uses of the mark in the same context (horse racing) in the same marketplace (horse racing, sports, and entertainment), and same purpose, Defendants' use of the mark is so closely related to Dave Johnson's use of the mark that consumers are confused and likely to be confused.

130.    Moreover, Defendants' materially similar use of the phrase "AND DOWN THE STRETCH THEY COME," the materially identical sights, sounds, and meaning of Defendants' and Dave Johnson's respective uses of the phrase; and Defendants' and Dave Johnson's respective uses of the phrase in the same context (horse racing on a racetrack) in the same marketplace (horse racing, sports and entertainment), for the same purposes (eliciting racing excitement), evince that Defendants' use of the phrase is a clear willful, bad faith and knowing misappropriation of Dave Johnson's celebrity persona, likeness, identity, and voice, as demonstrated by among other things, the use of a confusing similar imitation with the intent of

causing confusion, purposeful use of Dave Johnson's tone, inflections, calling style, and use of a racetrack and racing.

131.    Upon information and belief, Defendants manufactured, distributed, provided, marketed, reproduced, advertised, licensed, promoted, distributed, offered for sale and rental, on demand, streaming and sold Episode Four under the infringing mark on HBO's pay for television service, on the streaming service Max, and throughout New York, the nation, internet, cable television, on demand television, streaming services, and other channels of interstate commerce and modes of interstate commerce and transportation and was purchased or acquired by consumers to the profit of Defendants and to the detriment of Dave Johnson.

132.    Upon information and belief, Defendants regularly do and solicit business within this judicial district and throughout New York and created, displayed, distributed, marketed, reproduced, promoted, licensed, advertised, offered for sale and rental, and sold Episode Four (or participated in or assisted or aided and abided the aforementioned conduct). Episode Four is available for consumers on Home Box Office offered by Verizon FiOS and other cable television providers, and Max in New York and nationally.

133.    Upon information and belief, Defendants continue to manufacture, distribute, reproduce, provide, market, license, advertise, promote, offer for sale, stream, and rental, and sell Episode Four.

134.    Upon information and belief, *Perry Mason,* Season Two (which includes Episode Four) cost approximately $70 million to create and produce. See https://hbowatch.com/hbowatchs-look-at-perry-mason-season-two/#:~:text=PERRY%20MASON%20exudes%20the%20writing%2C%20acting%2C%20directing%2C%20and,season%20of%20this%20series%20cost%20approximately%20%2470%20milli

<u>on</u>.

135.    Upon information and belief, the premier of *Perry Mason,* Season Two,

Episode Four, on March 27, 2023, in New York, nationally, and in commerce, was viewed as

follows:

**Top 150 Original Cable Telecasts**
*To search for a show: type Ctrl-F and type your show title in the search box.*

| Top 150 Original Cable Telecasts: Monday March 27, 2023 | | | | P18-49 | P2+ | |
|---|---|---|---|---|---|---|
| Rank | Program | Net | Start | Mins | Rating | (000s) |
| 120 | PERRY MASON | HBO PRIME | 9:03 PM | 50 | 0.03 | 333 |

https://showbuzzdaily.com/articles/showbuzzdailys-monday-3-27-2023-top-150-cable-originals-network-finals.html. (last viewed November 3, 2023). It continues to be available on demand and

continues to stream on Max and therefore, Defendants have profited and continue to profit off

*Perry Mason,* Episode Four, to the proximate detriment of Dave Johnson.

136.    The Defendants' mark and media of goods are materially identical, in that all

Defendants used a substantially confusing, similar copy or imitation of the "AND DOWN THE

STRETCH THEY COME" mark in the context of racing and in the entertainment medium. In

this regard, Episode Four infringes and dilutes Dave Johnson's "AND DOWN THE STRETCH

THEY COME" mark.

137.    Upon information and belief, Defendants have embarked on a program to

misappropriate to itself a portion of the enormous good will, fame, recognition, and that exists in

Dave Johnson's celebrity persona, likeness, identity, voice, and inextricably linked signature

phrase, "AND DOWN THE STRETCH THEY COME," by creating, manufacturing,

distributing, reproducing, providing, licensing, marketing, advertising, promoting, offering for

sale, stream and rental, and selling Episode Four.

31

138.     Defendants' use and misappropriation of Dave Johnson's "AND DOWN THE
STRETCH THEY COME" mark and inextricably linked celebrity persona, likeness, identity,
and voice began long after Dave Johnson first used the mark, longer after Dave Johnson became
a celebrity and the mark became famous, and longer after Dave Johnson trademarked the phrase.

139.     Defendants have engaged in and continue to engage in all of the foregoing
activities without Dave Johnson's consent, permission, or authority. Moreover, Defendants' have
engaged in, and continue to engage in, all of the foregoing activities with full knowledge of and
intentional disregard for Dave Johnson's rights in the "AND DOWN THE STRETCH THEY
COME" mark and inextricably linked celebrity persona, likeness, identity, and voice.

140.     Soon after discovery of Defendants' infringing use of the "AND DOWN THE
STRETCH THEY COME" mark, Dave Johnson demanded, and continues to demand, that
Defendants cease all such infringing uses of Dave Johnson's "AND DOWN THE STRETCH
THEY COME" mark and inextricably linked celebrity persona, likeness, identity, and voice. A
copy of an April 13, 2023, letter from Dave Johnson's counsel to HBO, that went unanswered, is
attached herewith as **Exhibit F.**

141.     Despite Dave Johnson's demands, Defendants continue to knowingly and
deliberately infringe upon and dilute Dave Johnson's "AND DOWN THE STRETCH THEY
COME" mark with complete and total disregard for Dave Johnson's rights.

142.     Upon information and belief, Defendants' unauthorized use of a mark and
media of goods that are materially identical, in that all Defendant used and continue to use a
colorable and materially similar copy of the "AND DOWN THE STRETCH THEY COME"
mark which causes confusion and is likely to cause confusion and mistake among consumers as
to source of Dave Johnson's signature phrase (and related services, productions, and

merchandise) and the source, sponsorship, and approval of Episode Four (especially the scene in which the actor uses the material similar phrase/mark and imitates Dave Johnson) as well as to an affiliation, connection, or association between Defendants and *Perry Mason*, Season Two, Episode Four, and Dave Johnson (including his celebrity persona, likeness, identity, and voice)—all to and Dave Johnson's substantial harm.

143.     Upon information and belief, Defendants' use of and/or use of a materially similar copy of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark has caused confusion and will likely cause confusion and mistake among consumers, as to source of Dave Johnson's signature phrase (and related services, productions, and merchandise) and the source, sponsorship, and approval of Episode Four, (especially Shea Whigham's character and the scene in which he utters and imitates Dave Johnson signature phrase and imitates Dave Johnson) as well as to an affiliation, connection, or association between Defendants and Dave Johnson (including his celebrity persona, likeness, identity, and voice)—all to and Dave Johnson's substantial harm.

144.     Upon information and belief, Defendants' use of and/or use of a materially similar copy of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark has caused confusion and will likely cause confusion and mistake, whereby the public is deceived into believing that Episode Four, and the scene in which actor Shea Whigham, without a license or permission, and in the context of a horse race on a race track, exclaims "***And down the backstretch leg come Gusher's Rush and Galant Fox.***" (and thereby clearly imitates Dave Johnson and creates an association with the phrase's celebrity creator, Dave Johnson), is produced, provided, endorsed, or authorized by Dave Johnson or otherwise affiliated with Dave Johnson and his signature phrase (and related services, productions, and merchandise) and

33

inextricably linked celebrity persona, likeness, identity, and voice. Consequently, Defendants misappropriated Dave Johnson's celebrity persona, likeness, voice, and identity.

145.     Actor Shea Whigham utters a phrase that is materially and confusing similar to Dave Johnson's signature phrase and imitates Dave Johnson in Episode Four in a horse racing, entertainment and sports related context without Dave Johnson' s consent, and Episode Four is not produced, provided, endorsed or authorized by Dave Johnson or otherwise affiliated with Dave Johnson and his signature phrase (and related services, productions, and merchandise) and his inextricably linked celebrity persona, likeness, identity, and voice.

146.     Upon information and belief, Defendants' use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, a copy and/or colorable and materially similar mark has caused and will likely cause confusion among consumers, whereby the public is deceived into believing that Dave Johnsons' celebrity persona, likeness, identity, voice, announcements, broadcasts, sports entertainment services, radio show, and related merchandise are produced, provided, endorsed or authorized by Defendants (or otherwise connected to Defendants, Episode Four, the *Perry Mason* series and the characters in Episode Four).

147.     Upon information and belief, Defendants' use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, a copy, and/or a materially and confusingly similar trademark has caused and will likely cause blurring among consumers by, inter-alia, diminishing the mark's selling power, such that Dave Johnson's mark is diluted.

148.     As evidenced by the above, Defendants have continued to use a phrase/trademark that is materially and confusingly similar to Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark in connection with goods and services that are competitive with and are closely related to Dave Johnson's goods and services despite

Defendants' knowledge of Dave Johnson's superior rights in the "AND DOWN THE STRETCH THEY COME" mark and his express written request to cease all use of Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark and/or any copy or colorable and materially similar mark that are inextricably linked celebrity persona, likeness, identity, and voice.

149.    Also as evidenced by the above, Defendants' use of the "AND DOWN THE STRETCH THEY COME" mark and/or a confusingly similar mark deprives, and will increasingly deprive, Dave Johnson of the benefit of the goodwill, control, and exclusivity of the "AND DOWN THE STRETCH THEY COME" mark.

150.    Further, Defendants' use of the "AND DOWN THE STRETCH THEY COME" mark and/or a confusingly similar mark and its utterance by an unsavory character in Episode Four (smoker and drinker) tarnishes and will increasingly tarnish Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark and his inextricably linked celebrity persona, likeness, identity, and voice.

151.    In sum, upon information and belief, the aforesaid conduct of Defendants was undertaken in bad faith (given the forum of horse racing, entertainment, and sports context), with intent to misappropriate, confuse, infringe, dilute, and trade on Dave Johnson's celebrity persona, likeness, identity, voice, and distinctive, renowned, and famous mark and reputation and goodwill of Dave Johnson and the "AND DOWN THE STRETCH THEY COME" mark, and is therefore willful.

152.    Upon information and belief, Defendants have profited from their acts of trademark infringement thereby proximately damaging Dave Johnson, and he is entitled to, inter alia, an award of actual and enhanced (exemplary) damages, costs (including attorneys' fees), as well as any additional profits of Defendants under federal and state law, all in amounts to be

determined at trial.

153.     Upon information and belief, Defendants have profited from their acts of trademark dilution, thereby proximately damaging Dave Johnson and he is entitled to, inter alia, an award of actual and enhanced damages, costs (including attorneys' fees), as well as any additional profits of Defendants under state and federal law, all in amounts to be determined at trial.

154.     Further, upon information and belief, Defendants have profited from their acts of misappropriation, deceptive practices, common law violations and statutory invasion of privacy, proximately damaging Dave Johnson and entitling Dave Johnson to an award of, *inter alia,* actual and enhanced damages, costs (including attorneys' fees), as well as any additional profits of Defendants under New York trademark law, New York Civil Rights law and New York common law.

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (All Defendants -Federal Trademark Infringement 15 U.S.C. §§ 1114(1))

155.     Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 154 of this Complaint with the same force and effect as if fully set forth herein at length.

156.     To establish a claim under "§ 1114 of the Lanham Act, plaintiff in a trademark infringement action must show that defendant (1) without consent, (2) used in commerce, (3) a reproduction, copy or colorable imitation of plaintiff's registered mark, as part of the sale or distribution of goods or services, and (4) that such a use is likely to cause confusion." Gruner + Jahr USA Pub., a Div. of Gruner + Jahr Printing & Pub. Co. v. Meredith Corp., 991 F.2d 1072, 1075 (2d Cir. 1993).

157.     As described above, Dave Johnson created, owns, protected, registered, made

famous, has used in commerce (for decades), and has the sole right to use the "AND DOWN THE STRETCH THEY COME".

158.     As described above, "AND DOWN THE STRETCH THEY COME" has acquired distinctiveness as it is sufficiently known that consumers, news, sports, and media associate it with (and it is representative of) Dave Johnson, his voice, his persona, his style, his mannerisms, his body of work, his goods (merchandise) and services, and a certain type of production and sports and entertainment product (and related merchandise and services) and as such, Plaintiff Dave Johnson's rights, as holder of the trademark rights to the "AND DOWN THE STRETCH THEY COME" mark are infringed by Episode Four.

159.     Defendants' used the "AND DOWN THE STRETCH THEY COME" mark, and/or at minimum a copy, materially similar copy, and/or colorable imitation, ("And down the backstretch leg come Gusher's Rush and Galant Fox."), without Dave Johnson consent in the television show *Perry Mason,* Season Two, Episode Four, and individually, collectively, and acting in concert, created, produced, wrote, distributed, leased, licensed, marketed, promoted, streamed, rented, streamed, and sold Episode Four, for profit, which constitutes Defendants' unauthorized use in commerce of Plaintiff Dave Johnson's mark, "AND DOWN THE STRETCH THEY COME," and of a false designation of origin which is likely to cause, and indeed caused and continues to cause confusion, mistake, and deceit as to the affiliation, connection or association of Episode Four with Plaintiff Dave Johnson's use of the "AND DOWN THE STRETCH THEY COME" mark or as to the origin, sponsorship or approval of Episode Four by Plaintiff Dave Johnson in contravention of federal trademark law.

160.     Upon information and belief, Defendants adopted the "AND DOWN THE STRETCH THEY COME" mark, used, and/or used copy, materially similar copy, and/or a

colorable imitation of the mark with full knowledge of Plaintiff Dave Johnson's prior ownership, in bad faith, and in connection with an unsavory character's use of the "AND DOWN THE STRETCH THEY COME" mark. Accordingly, Defendants' acts have been willful.

161.    By proximate reason of the acts of Defendants alleged herein, Plaintiff Dave Johnson has suffered damages, and continues suffering damages and, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law, including the right to control his own reputation and goodwill associate with the mark.

162.    Plaintiff Dave Johnson demands and is entitled to damages for Defendants infringement and the profits realized from their infringing conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs (including attorneys' fees), and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

### AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (All Defendants- Federal Trademark Infringement 15 U.S.C. §§ 1125(a))

163.    Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 162 of this Complaint with the same force and effect as if fully set forth herein at length.

164.    To bring a claim for false designation or infringement under § 1125(a), "a party must (1) demonstrate its own right to use the mark or dress in question, (2) show that the mark or dress is distinctive as to the source of the good or service at issue, and (3) there is the likelihood of confusion between the plaintiff's good or service and that of the defendant." ITC Ltd. v. Punchgini, 482 F.3d 135, 154 (2d Cir. 2007).

165.     As described above, Dave Johnson created, owns, protected, registered, made famous, has used in commerce (for decades), and has the sole right to use the "AND DOWN THE STRETCH THEY COME"

166.     As described above, "AND DOWN THE STRETCH THEY COME" has acquired distinctiveness as it is sufficiently known that consumers, news, sports, and media associate it with and it is representative of Dave Johnson, his voice, his persona, his style, his mannerisms, his body of work, his goods (merchandise) and services, and a certain type of production and sports and entertainment product (and related merchandise and services) and as such, Plaintiff Dave Johnson's rights, as holder of the trademark rights to the "AND DOWN THE STRETCH THEY COME" mark are infringed by Episode Four.

167.     Defendants' used the "AND DOWN THE STRETCH THEY COME" mark, and/or at minimum a copy, materially similar copy, and/or colorable imitation, ("And down the backstretch leg come Gusher's Rush and Galant Fox."), without Dave Johnson consent in the television show *Perry Mason,* Season Two, Episode Four, and individually, collectively, and acting in concert, created, wrote, produced, distributed, leased, licensed, marketed, promoted, streamed, rented, and sold Episode Four, for profit, which constitutes Defendants' unauthorized use in commerce of Plaintiff Dave Johnson's mark, "AND DOWN THE STRETCH THEY COME," and of a false designation of origin which is likely to cause, and indeed caused and continues to cause confusion, mistake, and deceit as to the affiliation, connection or association of Episode Four with Plaintiff Dave Johnson's use of the "AND DOWN THE STRETCH THEY COME" mark or as to the origin, sponsorship or approval of Episode Four by Plaintiff Dave Johnson in contravention of federal trademark law.

168.     Upon information and belief, Defendants adopted the "AND DOWN THE

STRETCH THEY COME" mark, used and/or used a copy, materially similar copy, and/or colorable imitation of the mark with full knowledge of Plaintiff Dave Johnson's prior ownership, in bad faith, and in connection with an unsavory character's use of the "AND DOWN THE STRETCH THEY COME" mark. Accordingly, Defendants' acts have been willful.

169.    By proximate reason of the acts of Defendants alleged herein, Plaintiff Dave Johnson has suffered damages, and continues suffering damages and, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law, including the right to control his own reputation and goodwill associate with the mark.

170.    Plaintiff Dave Johnson demands and is entitled to damages for Defendants infringement and the profits realized from their infringing conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs (including attorneys' fees), and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

**AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF**
**(All Defendants -Federal Trademark Dilution, 15 U.S.C. §§ 1125(c))**

171.    Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 170 of this Complaint with the same force and effect as if fully set forth herein at length.

172.    There are five elements of a trademark dilution claim: "(1) the senior mark must be famous; (2) it must be distinctive; (3) the junior use must be a commercial use in commerce; (4) it must begin after the senior mark has become famous; and (5) it must cause dilution of the distinctive quality of the senior mark." Nabisco, Inc. v. PF Brands, Inc., 191 F.3d

208, 215 (2d Cir. 1999).

173.    As set forth above, the "AND DOWN THE STRETCH THEY COME" mark is famous and has been declared so by media, television, sports, and other forms of entertainment.

174.    The "AND DOWN THE STRETCH THEY COME" mark has acquired distinctiveness as it is widely and sufficiently known that consumers associate it with Plaintiff Dave Johnson's body of work, his race calls, his persona, his inflection, his voice, his style, and related merchandise and services, his radio shows, and as such, Plaintiff Dave Johnson's rights, as holder of the rights to the "AND DOWN THE STRETCH THEY COME" mark are infringed and diluted by Episode Four.

175.    For decades, Plaintiff Dave Johnson has exclusively and continuously promoted and used the "AND DOWN THE STRETCH THEY COME" mark, both in the United States and throughout the world.

176.    The "AND DOWN THE STRETCH THEY COME" mark became a famous and well-known symbol of Plaintiff Dave Johnson and Dave Johnson's sports broadcasting services and related products and services well before Defendants began using "AND DOWN THE STRETCH THEY COME" and/or a copy, materially similar copy and/or colorable and imitation, ("And down the backstretch leg come Gusher's Rush and Galant Fox."), in Episode Four.

177.    The "AND DOWN THE STRETCH THEY COME" mark is, and was at the time Defendants commenced imitating it, famous within the meaning of Section 43(c)(l) of the Trademark Act, 15 U.S.C. § 1125(c).

178.    Defendants created, wrote, produced, displayed, distributed, sold, marketed, reproduced, promoted, licensed, advertised, offered for sale and rental, streamed and sold

Episode Four (and continue to do so), as early as March 27, 2023 (and continuing to the present) on Home Box Office and later on Max for profit in commerce, in which actor Shea Whigham, without a license or permission, and in the context of a horse race in the entertainment market , exclaims *"And down the backstretch leg come Gusher's Rush and Galant Fox."*, for the purposes of creating excitement and thereby clearly and through a copy and/or colorable imitation, creates an association with the phrase's celebrity creator, Dave Johnson. Consequently, Defendants used and imitated the "AND DOWN THE STRETCH THEY COME" mark for commercial use in commerce, without Dave Johnson's consent.

179.    Defendants' use[6] in commerce of the "AND DOWN THE STRETCH THEY COME" mark, or at minimum a copy, materially similar copy, or colorable imitation, dilutes the distinctive quality of the "AND DOWN THE STRETCH THEY COME" trademark, by both blurring the uniqueness of the mark and tarnishing it by means of incorporation within certain scenes in Episode Four (including with unsavory characters), all in violation of Section 43(c) of the Trademark Act, 15 U.S.C. § 1125(c), as amended.

180.    Defendants' actions demonstrate an intentional, willful, bad faith, and malicious intent to trade and/or piggyback on the goodwill and fame associated with Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark or to cause dilution of the mark and irreparable injury of Plaintiff Dave Johnson. Specifically, Defendants chose a racing forum, Santa Anita Park, a where Dave Johnson had called races in the past and specifically sought to associate the scene in Episode Four with the call and mark that Dave Johnson made famous and used and used a materially and confusingly similar mark for the same purposes as Dave Johnson. Defendants made no attempt to seek permission or consent to legally use this

---

[6] Again, the variations as to Johnson's mark used by Defendants is so slight, that is alleged to constitute use, or at minimum, a colorable and/or confusingly, materially similar imitation.

iconic and trademark-protected phrase, nor did they give Dave Johnson any credit.

181.     By proximate reason of the foregoing, Defendants have caused dilution of the distinctive quality of the mark "AND DOWN THE STRETCH THEY COME", damaged and continue to cause damages to Dave Johnson.

182.     By proximate reason of the acts of Defendants, Plaintiff Dave Johnson has suffered, is suffering, unless Defendants are restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

183.     Plaintiff Dave Johnson demands and is entitled to damages for Defendants' past dilution and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Dave Johnson is also entitled to injunctive relief, costs (including attorneys' fees), and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

**AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF**
**(All Defendants -Trademark Infringement, Deceptive Acts and Unlawful Practices in Violation of the New York General Business Law)**

184.     Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 183 of this Complaint with the same force and effect as if fully set forth herein at length.

185.     By creating, manufacturing, distributing, providing, marketing, advertising, reproducing, promoting, licensing, offering for sale and rental, and selling Episode Four, which used the "AND DOWN THE STRETCH THEY COME" mark, and/or a copy, materially similar copy, materially similar copy, and/or colorable imitation, ("And down the backstretch leg come

Gusher's Rush and Galant Fox."), Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

186.     Defendants' deceptive acts or practices, as described herein, are materially misleading and in bad faith. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendants have directed their marketing activities, and Dave Johnson has been injured thereby.

187.     Defendants' conduct as aforesaid is likely to cause and has indeed caused confusion or mistake among consumers as to the source of Episode Four or as to the sponsorship, endorsement approval or authorization by, or affiliation with, Plaintiff Dave Johnson, and/or "AND DOWN THE STRETCH THEY COME" mark, in violation of the common law of trademark infringement and unfair competition of New York, and Sections 133 ('Use of name with intent to deceive'), 349 ('Deceptive acts and practices unlawful'), and 350-d ('Civil penalty') of the New York General Business Law.

188.     By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods and services in violation of Section 349 and 350 of the New York General Business Law.

189.     As a proximate result of the acts described above, Defendants have caused Dave Johnson damages and continued to cause him damages, and he demands and is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE

STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar

conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

**AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF**
**(All Defendants - Trademark Dilution in Violation of N.Y. General Business Law § 360-l)**

190.     Plaintiff Dave Johnson repeats and realleges each and every allegation of

paragraphs 1 through 189 of this Complaint with the same force and effect as if fully set forth

herein at length.

191.     Plaintiff Dave Johnson is the exclusive owner of the "AND DOWN THE

STRETCH THEY COME" mark.

192.     Through prominent, long, continuous, and current use in commerce, including

commerce within New York, the "AND DOWN THE STRETCH THEY COME" trademark has

become, is recognized as, and continues to become, famous and distinctive.

193.     Long after the "AND DOWN THE STRETCH THEY COME" trademark

became famous, the Defendants, without authorization from Plaintiff Dave Johnson, used and

imitated "AND DOWN THE STRETCH THEY COME" and/or used a copy, materially similar

copy, and/or a colorable imitation, ("And down the backstretch leg come Gusher's Rush and

Galant Fox."), that is materially, and confusingly similar - in Episode Four, which has caused

and is likely to cause confusion among the public and the New York public.

194.     Defendants' unauthorized use of the "AND DOWN THE STRETCH THEY

COME" mark, dilutes and/or is likely to dilute the quality of that mark and to lessen the capacity

of such mark to identify and distinguish Plaintiff Dave Johnson's services and goods.

195.     Defendants' unlawful use of the of the "AND DOWN THE STRETCH THEY

COME" mark in connection with Episode Four and the unsavory character who exclaims this

phrase in Episode Four is also likely to tarnish that trademark and cause blurring in the minds of

consumers among Plaintiff Dave Johnson, Defendants, and the character who exclaims this phrase in Episode Four, thereby lessening the value of Plaintiff Dave Johnson mark, as unique identifiers of Dave Johnson's goods and services, including, but not limited to, his announcing of races and other sports and entertainment events.

196.     As a proximate result of the acts described above, Defendants have diluted, and are likely to continue to dilute the distinctiveness of the "AND DOWN THE STRETCH THEY COME" mark and caused a likelihood of harm to Plaintiff Dave Johnson's business reputation in violation of Section 360–l of the New York General Business Law.

197.     Defendants' conduct as aforesaid constitutes a likelihood of injury to the business reputation of Plaintiff Dave Johnson and dilution of the distinctive quality of "AND DOWN THE STRETCH THEY COME" in violation of Section 360-1 of the New York General Business Law.

198.     As a proximate result of the acts described above, Defendants have caused Dave Johnson damages and continue to cause him damages, and he demands and is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Defendants have also proximately caused irreparable injury to Plaintiff Dave Johnson and he no adequate remedy at law. Plaintiff Dave Johnson is also entitled to injunctive relief, costs (including attorney fees), and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to punitive damages.

**AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF**
**(All Defendants- Trademark infringement Common Law)**

199.     Plaintiff Dave Johnson repeats and realleges each and every allegation of paragraphs 1 through 198 of this Complaint with the same force and effect as if fully set forth herein at length.

200.     The elements of a successful New York common law claim of trademark infringement parallel the elements required for a Lanham Act trademark infringement claim. AM Gen. LLC v Activision Blizzard, Inc., 450 F Supp 3d 467, 479 (S.D.N.Y. 2020).

201.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff Dave Johnson. Plaintiff Dave Johnson has no adequate remedy at law for this injury.

202.     On information and belief, Defendants acted with full knowledge of Plaintiff Dave Johnson's use of, and statutory and common law rights to, his "AND DOWN THE STRETCH THEY COME" mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

203.     Defendants' actions demonstrate an intentional, knowing, willful, bad faith and malicious intent to trade on the goodwill and fame associated with Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark to the great and irreparable injury of Plaintiff Dave Johnson.

204.     As a proximate result of Defendants' acts, Plaintiff Dave Johnson has been damaged and continues to be damaged in an amount not yet determined or ascertainable. Plaintiff Dave Johnson demands and is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs, and an accounting of Defendants' profits.

Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff

Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, and the need to deter

Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is

entitled to punitive damages.

### AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF
### (All Defendants - Unfair Competition Common Law)

205.    Plaintiff Dave Johnson repeats and realleges each and every allegation of

paragraphs 1 through 204 of this Complaint with the same force and effect as if fully set forth

herein at length.

206.    Defendants have included a scene and line in Episode Four, wherein an actor

exclaims "And down the backstretch leg come Gusher's Rush and Galant Fox", as Defendants

own, improperly trading upon Plaintiff Dave Johnson's goodwill and valuable rights in and to

the famous "AND DOWN THE STRETCH THEY COME" mark.

207.    Defendants have committed the above alleged acts willfully, knowingly, and in

bad faith, and in conscious disregard of Plaintiff Dave Johnson's rights, and Plaintiff Dave

Johnson is therefore entitled to exemplary and punitive damages pursuant to the common law of

the State of New York in an amount sufficient to punish, deter and make an example of

Defendants.

208.    Defendants consciously and knowingly exploited the goodwill and reputation of

Dave Johnson by adopting, copying and using the mark with the intent to sow confusion between

users goods and services in the same market (horse racing, sports and entertainment).

209.    By the acts described above, Defendants have engaged in unfair competition in

violation of the common law of the State of New York.

210.    As a proximate result of the acts described above, Defendants have caused and

continue to cause damage to Dave Johnson and irreparable injury to Dave Johnson. Plaintiff

Dave Johnson has no adequate remedy at law and is thus damaged in an amount yet to be

determined. Plaintiff Dave Johnson demands and is entitled to damages for the acts described

above and the profits realized from Defendants' conduct, both in amounts to be determined at

trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs (including attorneys' fees),

and an accounting of Defendants' profits. Further, in light of the deliberate and malicious use of

a confusingly similar imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH

THEY COME" mark, and the need to deter Defendants from engaging in similar conduct in the

future, Dave Johnson additionally demands and is entitled to punitive damages.

### AS AND FOR PLAINTIFF'S EIGHTH CLAIM FOR RELIEF
### (All Defendants - New York Right of Privacy (N.Y. Civ. Rights Law §§ 50-51))

211.     Plaintiff Dave Johnson repeats and realleges each and every allegation of

paragraphs 1 through 210 of this Complaint with the same force and effect as if fully set forth

herein at length.

212.     Defendants' use and imitation of the phrase "AND DOWN THE STRETCH

THEY COME" is nearly identical to the way the creator and owner of the phrase, Plaintiff Dave

Johnson, has used this phrase for decades.

213.     Defendants' use and imitation of the phrase in Episode Four is a clear imitation

of Plaintiff Dave Johnson.

214.     Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark,

celebrity persona, identity, and voice are inextricably linked and inseparable.

215.     Defendants' use and imitation of the phrase "AND DOWN THE STRETCH

THEY COME", and/or a copy, material similar copy or colorable imitation, in Episode Four is a

misappropriation of Plaintiff Dave Johnson's celebrity persona, likeness, identity, and voice.

216.     Defendants' use of Plaintiff Dave Johnson's trademarked signature phrase, "AND DOWN THE STRETCH THEY COME," and misappropriation of his inextricably linked celebrity persona, likeness, identity, and voice constitutes a use within New York State for purposes of trade, and upon information and belief advertising.

217.     Defendants' use of Plaintiff Dave Johnson's trademarked signature phrase, and/or a copy, material similar copy of the "AND DOWN THE STRETCH THEY COME," mark, and his celebrity persona, likeness, identity, and voice was and is without his consent.

218.     Defendants' conduct thus violates N.Y. Civ. Rights Law § 50, a violation for which N.Y. Civ. Rights Law § 51 provides Plaintiff Dave Johnson with a cause of action for damages and injunctive relief.

219.     As proximate result of the above, Plaintiff Dave Johnson has been damaged and continued to be damaged as a result of Defendants' violation of N.Y. Civ. Rights Law § 50. Furthermore, Defendants have profited from their violation, which such profits should be accounted for and disgorged. Plaintiff Dave Johnson demands and is entitled to damages for the acts described above and the profits realized from Defendants' conduct, both in amounts to be determined at trial. Plaintiff Dave Johnson is also entitled to injunctive relief, costs (including attorney fees), and an accounting of Defendants' profits. Further, in light of the deliberate, intentionally, knowing and malicious use of and imitation of Plaintiff Dave Johnson's "AND DOWN THE STRETCH THEY COME" mark, his identity, person and voice (which are inextricable linked to the mark) and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff Dave Johnson additionally is entitled to exemplary damages.

**WHEREFORE**, Plaintiff Dave Johnson prays that this Court enter a judgment:

A.     Granting each of his claims for relief;

B.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, dilution, misappropriation, selling, offering to sell or rent, reproducing, licensing, promoting, advertising, marketing, streaming, or otherwise distributing (in any form or medium), Episode Four.

C.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued use or imitation of the "AND DOWN THE STRETCH THEY COME" mark;

D.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, dilution, and misappropriation of the "AND DOWN THE STRETCH THEY COME" mark;

E.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, dilution, and misappropriation of Plaintiff Dave Johnson's celebrity persona, likeness, identity, and voice;

F.      Enjoining, both preliminarily and permanently, Defendants, and all of their respective officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from further imitation of Plaintiff Dave Johnson and his celebrity persona, likeness, identity, and voice;

G.      Ordering Defendants to recall and destroy all copies (in any form or medium) manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with intent to use and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which copies of Episode Four maybe made or reproduced, and all electronic, mechanical, or other devices for manufacturing, reproducing, or assembling such copies; or, in the alternative, Ordering Defendants to remove all infringing or misappropriating content (as defined herein) from all copies (in any form or medium) manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with intent to use and all plates, molds, matrices, masters, tapes, film negatives, of Episode Four;

H.      Awarding all damages actually suffered by Plaintiff Dave Johnson as well as All Defendants' profits from the creation, writing, sale, rental, production, distribution, licensing, leasing, offering on demand, distribution, and/or streaming of Episode Four (in any form or medium), or such greater amount as to which the Court may consider Plaintiff Dave Johnson to be entitled and to be determined at the trial of this matter;

I.      Awarding treble damages, punitive damages/exemplary damages suffered by Plaintiff Dave Johnson as well as Defendants' profits from the creation, writing,

distribution, production, rental, leasing, licensing, offering on demand, streaming or sale of Episode Four (in any form or medium), or such greater amount as to which the Court may consider Plaintiff Dave Johnson Dave Johnson to be entitled;

J.      Awarding to Plaintiff Dave Johnson and assessing against Defendant' the costs, expert witness fees, and reasonable attorneys' fees incurred in connection with this action; and

K.      Granting such other and further relief as this Court deems fair, just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff Dave Johnson, as provided by Rule 38 of the Federal Rules of Civil

Procedure, requests a trial by jury in the above

Dated: November 3, 2023,                    Respectfully submitted,
                                            ANDREW J. MOLLICA, ESQ.
                                            */s/Andrew Mollica*
                                            _____
                                            Andrew J. Mollica
                                            1205 Franklin Ave. Suite 16LL
                                            Garden City, NY 11530
                                            516-528-1311
                                            jdmol@aol.com

TO:     **Home Box Office, Inc.**
        30 Hudson Yards,
        500 West 33rd Street,
        New York, New York 10001.

        **HBO Entertainment, Inc.**
        30 Hudson Yards,
        500 West 33rd Street,
        New York, New York 10001.

        **Warner Bros. Discovery, Inc.**
        30 Hudson Yards,
        500 West 33rd Street,
        New York, New York 10001.

        **Team Downey, LLC**
        1311 Abbot Kinney Blvd.
        Venica, CA 90291
        Or C/O Northwest Registered Agent, Inc.
        1267Willis St. Suite 200, Redding, CA 96001

# VERIFICATION

State of New York )
) ss:
County of New York )

I, DAVID JOHNSON, I am the plaintiff in this matter, I have read the annexed Verified Complaint in this matter and know the contents thereof to be true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon papers, books, research, and other information in my possession.

DAVID JOHNSON

Sworn before me
on this 6th day of November, 2023

Notary Public

ANDREW J MOLLICA
Notary Public, State of New York
No. 02MO6236968
Qualified in Nassau County
Commission Expires March 14, 2021